■ In the Matter of CHARLES E. GRAY, Appellant, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT NO. 1, HEMPSTEAD et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR (1) to review a determination dated November 30, 1972, suspending petitioner as a school principal in the employ of the respondent Board of Education pending a final determination upon a recommendation that he be dismissed, and (2) for related relief, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated

January 11, 1973, which dismissed the petition. Judgment reversed, on the law, with $10 costs and disbursements; petition granted to the extent of annulling the determination; and matter remanded to the respondent Board of Education for proceedings consistent with the views set forth herein. In our opinion, under the circumstances of this case, petitioner was entitled to a hearing prior to the termination of his employment (*Board of Regents* v. *Roth,* 408 U. S. 564). Thus, whereas the respondent acting superintendent of schools had the power to suspend petitioner without a hearing, the statement in the suspension notice that termination of petitioner's employment would be recommended to the Board of Education without provision for notifying him of the charges, or affording him a hearing thereon, constituted a denial of due process. Petitioner's employment was in fact terminated at the meeting of the respondent Board of Education on January 18, 1973. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.